UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERRIC EMIL THOMPSON,

     Petitioner,

v.                                                            Case No. 8:26-cv-730-JLB-LSG

UNITED STATES OF AMERICA,

     Respondent.
_____/

## ORDER

Petitioner Derric Emil Thompson, proceeding *pro se*, is a former federal inmate who initiated this action by filing an emergency petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Petitioner, who was convicted and sentenced in this Court,[1] challenges his January 2021 conviction for conspiracy to commit mail fraud by asserting that this Court lacked subject matter jurisdiction over his criminal case.  (*Id*.).

Collateral attacks on the legality of a conviction or sentence must be brought under 28 U.S.C. § 2255.  The text of the "savings clause" in section 2255(e) permits a federal prisoner to challenge his conviction or sentence pursuant to section 2241 only where "the remedy by motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The

---

[1] *See United States v. Thompson*, Case No. 8:20-cr-105-TPB-SPF-1 (M.D. Fla.) at Doc. 58.

1

petitioner bears the burden of demonstrating that a section 2255 motion is "inadequate or ineffective." *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc).

Absent narrow exceptions, the Eleventh Circuit had held that section 2241 is not available to challenge the validity of a conviction or sentence. *Id.* at 1089. The Eleventh Circuit has provided examples where, post-*McCarthan*, a motion to vacate would be an inadequate mechanism to test a prisoner's claim, and thus a section 2241 would be an appropriate vehicle to test that prisoner's claim as follows. The first category of cases is if a federal prisoner challenges the execution of his sentence, *e.g.*, the deprivation of good-time credits or parole determinations. *See Amodeo v. FCC Coleman - Low Warden*, 984 F.3d 992, 999 (11th Cir. 2021) (internal citations omitted). "The second category of cases that fit within the narrow confines of the saving clause are those in which the sentencing court is unavailable or dissolved, or where practical considerations like 'multiple sentencing courts' prevent a federal prisoner from filing a § 2255 motion." *Id.* at 999–1000 (citing *McCarthan*, 851 F.3d at 1093).

Although the examples provided by the *McCarthan* court are not exhaustive, if a prisoner's claim fits within those categories identified in *McCarthan*, a prisoner may file a section 2241 habeas petition under section 2255(e)'s saving clause. But again, the focus is whether the "prisoner's claim

2

merely challenges 'the validity of his sentence.'" *Williams v. Warden, FCC Coleman*, 803 F. App'x 324, 326 (11th Cir. 2020) (internal citations omitted). If that is indeed the focus of the claim, the prisoner "cannot proceed under § 2241 because he could raise this claim in a § 2255 motion." *Id.* (citation omitted).  Furthermore, Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." *Accord* Rule 12, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provision or these rules, may be applied to a proceeding under these rules.").[2]

Even construing his *pro se* petition liberally, as the Court must, none of Petitioner's claims are cognizable under section 2241 because he challenges the validity of his conviction, not the execution of his sentence.  Section 2255 permits a prisoner to contest his conviction or sentence by motion "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a)

---

[2] Pursuant to Habeas Rule 1(b) of the "Rules Governing Section 2254 Cases," the Court has discretion to apply the Rules to habeas corpus petitions under § 2241.

(emphasis added).  It authorizes the sentencing court to provide specified relief if the court finds "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id*. § 2255(b).  The rule provides that the motion is to be filed in "the court which imposed the sentence." *Id*. § 2255(a).

Here, Petitioner has failed to demonstrate that a motion to vacate filed pursuant to section 2255 is "inadequate or ineffective." *McCarthan*, 854 F.3d at 1081 (citation omitted).  Petitioner's claims center entirely around the alleged lack of jurisdiction by the United States to prosecute him.   Section 2255 authorizes the sentencing court to grant relief when it lacked jurisdiction to impose a sentence.  Thus, Petitioner has a remedy under that section.  The mere fact that the sentencing court purportedly lacked jurisdiction does not render a section 2255 motion inadequate or ineffective.

Nor has Petitioner shown that the sentencing court is unavailable, or that practical considerations (such as multiple sentencing courts) prevent him from filing a section 2255 motion.  The conviction under attack was imposed in this Court, which is not unavailable.[3]

---

[3] That said, the Court expresses no opinion as to whether a section 2255 motion would, or would not, be a procedurally viable avenue for Petitioner.

Accordingly, Petitioner has failed to demonstrate the applicability of section 2255(e)'s savings clause, and this Court therefore lacks jurisdiction to adjudicate this section 2241 petition on its merits.  *See* Rule 4, U.S.C. foll. § 2254, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").  To challenge his conviction, Petitioner would have to file a section 2255 motion with this Court.

Accordingly, it is ORDERED that:

1. This case is **DISMISSED** for lack of jurisdiction.

2. The Clerk is **DIRECTED** to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

DONE and ORDERED in Tampa, Florida, on April 13, 2026.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

5